James W. Brown
Tansy Woan
Of Counsel:
Boris Bershteyn
Kamali P. Willett
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
One Manhattan West
New York, New York  10001
Tel: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Defendants JPMorgan Chase*
 *Bank, N.A. and JPMorgan Chase & Co.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JOHN SACCHI, Individually and on behalf of
all others similarly situated,                      :

                    Plaintiffs,    :    Civil Action No._____

           v.                              :    State Court Docket No. L-009834-21
                                      Essex County

UNITED AIRLINES HOLDINGS, INC.,:
UNITED AIRLINES, INC., JPMORGAN   **NOTICE OF REMOVAL**
CHASE BANK, N.A., JPMORGAN CHASE &:
CO., and DOES 1-10, inclusive,
                                      :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

      PLEASE TAKE NOTICE that defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") hereby remove the above-captioned action brought by plaintiff John Sacchi, from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446 and the

removal provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members seeking to recover more than $5,000,000, and there is at least minimal diversity of citizenship. Additionally, removal is appropriate under the Edge Act, 12 U.S.C. §§ 611 et seq., because defendant JPMorgan Chase Bank, N.A. is a corporation organized under the laws of the United States, and plaintiff's claims arise out of transactions involving international or foreign banking in a dependency or insular possession, and other international or foreign financial operations.

In support of this Notice of Removal, Chase states as follows:

## PROCEDURAL HISTORY AND BACKGROUND

1. On December 27, 2021, Plaintiff John Sacchi commenced this putative class action in the Superior Court of New Jersey, Law Division, Essex County ("State Court"). Pursuant to 28 U.S.C. § 1446(a) and New Jersey District Court Civil Local Rule 5.2, a true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.[1]

2. Plaintiff purports to represent a class of individuals who were issued a credit card by Chase and co-defendants United Airlines Holdings, Inc. and United Airlines, Inc. (collectively, "United") who (1) made an in-flight purchase with that card "within the past six years," the charge for which was required to be automatically credited but was not; and (2) live in New Jersey or made the qualifying purchase on a flight with an arrival to or departure from a New Jersey airport. (Ex. 1, Compl. ¶ 21.)

3. The complaint alleges that defendants are "fraudulently inducing consumers to purchase [Chase-United] credit cardmemberships and charge specified purchases on the

---

[1] Also attached hereto as Exhibit 2 is a true and correct copy of the docket of the Superior Court of New Jersey, Law Division, Essex County in this action.

Company-issued credit card." (Ex. 1, Compl. ¶ 7.) The complaint further alleges that defendants have failed to credit/reimburse certain purchases made with the credit card as promised. (Ex __, Compl. ¶¶ 17-20.)

4. Specifically, the complaint alleges that plaintiff was solicited by defendants to purchase a one-year Chase-United credit card membership for $250.00 in reliance upon defendants' promise that, among other things, the first $125.00 of purchases during the year of card membership on United products and services would be "automatically credited," and in reliance on that promise he (a) paid the $250 annual fee, and (b) purchased WiFi access on a flight that departed from New Jersey for $19.99, but defendants failed to reimburse the $19.99. (Ex __, Compl. ¶¶ 16-19.) The complaint alleges that there are "most likely many thousands" of similarly situated consumers in the defined class. (Ex. 1, Compl. ¶ 22.)

5. The complaint brings claims for fraud, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.2 et seq., breach of contract, promissory estoppel, and unjust enrichment.

6. On January 20, 2022, defendants waived service of process of the complaint, specifically reserving all jurisdictional and other defenses. All parties stipulated that defendants' time to respond to the complaint would be March 21, 2022. Defendants' time to respond to the complaint has not expired. No other proceedings in this action are pending in the State Court.

7. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after defendants waived service of the complaint, which was January 20, 2022. Removal of this complaint is also timely under the Edge Act, which permits removal "at any time before the trial." 12 U.S.C. § 632.

8. The action is removable to this Court because the District of New Jersey embraces the place where the State Court action is pending, and is therefore the proper venue for this action. *See* 12 U.S.C. § 632; 28 U.S.C. § 1441(a).

9. By filing this Notice of Removal, Chase does not waive any defense that may be available to it, including, but not limited to, the right to contest in personam jurisdiction and improper venue, in this Court or in the court from which this action has been removed.

## REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

10. This putative class action falls within the original jurisdiction of this Court under CAFA. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2)(A) & 5(B), 1453(b). This action meets each of these requirements.

11. *Numerosity*. This action meets CAFA's numerosity requirement because it is a putative class action brought on behalf of more than 100 members. Plaintiff alleges that the class size is "sufficiently numerous, most likely many thousands of consumers[.]" (Ex 1, Compl. ¶ 22); *see, e.g.*, *Davis v. Citibank, N.A.*, No. 4:14 CV 1129 CDP, 2014 WL 6673520, at *1-2 (E.D. Mo. Nov. 24, 2014) (denying plaintiff's motion to remand where the complaint estimated that "there are hundreds of members" of the class and therefore finding that "class size [was] apparent from the face of [the plaintiff's] complaint.").

12. *Minimal diversity*. This action meets CAFA's minimal diversity requirement because plaintiff has a different citizenship from at least one defendant. Although plaintiff failed to allege his citizenship in the complaint, Chase's records indicate that plaintiff registered his credit

4

card under a Jackson, Wyoming address. Regardless of plaintiff's citizenship, diversity under CAFA is satisfied because JPMorgan Chase Bank, N.A. is headquartered in Ohio, while United Airlines Holdings, Inc., is incorporated in the state of Delaware with a principal place of business in Illinois. Thus, because these two defendants are citizens of different states, plaintiff is necessarily diverse from at least one defendant. *See Grace v. T.G.I. Fridays, Inc.*, No. 14-7233 (RBK/KMW), 2015 WL 4523639, at *1 n.1 (D.N.J. July 27, 2015) ("[D]iversity jurisdiction exists for class actions where 'any member of a class of plaintiffs is a citizen of a State different from any defendant' . . . ." (citation omitted)); 28 U.S.C. § 1332(d)(2)(A) (explaining that diversity under CAFA is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

13. ***Amount in controversy***. Based on the allegations in the complaint, the aggregate amount in controversy for purposes of determining CAFA jurisdiction exceeds $5,000,000, exclusive of interests and costs. The putative class that plaintiff seeks to represent allegedly encompasses "likely many thousands of consumers." (Ex. 1, Compl. ¶ 22.) Plaintiff alleges his claims and allegations are typical of the class (*id.* ¶ 26), including the allegation that plaintiff was fraudulently induced to pay a $250 annual fee for the Chase-United credit card and make additional in-flight purchases. (*See, e.g.*, *id.* ¶ 33.)

14. Further, plaintiff seeks punitive damages, which are appropriately considered in determining the amount on controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (courts "must consider [punitive damages] when calculating the amount in controversy." ) (citation omitted). Under New Jersey law, plaintiff may seek punitive damages up to five times the amount of compensatory damages awarded or $350,000, whichever is greater. N.J.S.A. 2A:15-5:14(b).

15. Plaintiff also seeks an injunctive remedy against the alleged violations (*see, e.g.*, Ex. 1, Compl. ¶ 29), and the amount in controversy includes the value of injunctive relief to the putative class. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Matthews v. Bank of Am. Corp.*, No. 19-20108 (ES) (MAH), 2020 WL 9786649, at *4 (D.N.J. Feb. 18, 2020) (recommending that the amount-in-controversy under CAFA was satisfied due to injunctive relief sought and noting that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation [to the plaintiff]" (quoting *Hunt*, 432 U.S. at 347)).

16. Plaintiff also seeks attorney's fees, which the court "must also consider" when calculating the amount in controversy. *Frederico*, 507 F.3d at 199.

17. Taken together, these amounts satisfy the jurisdictional minimum.

18. Although plaintiff attempts to plead around the amount-in-controversy requirement by asserting that "[t]he total amount of all relief at issue here is less than five million dollars," (Ex. 1, Compl. ¶ 10), that representation is legally insufficient to prevent removal of this matter under CAFA. *See Grace*, 2015 WL 4523639, at *9 (D.N.J. July 27, 2015) (rejecting a representation in the complaint regarding the amount-in-controversy and finding defendant satisfied the amount-in-controversy requirement); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) (finding a class action plaintiff's stipulation that class would not seek damages greater than $5,000,000 not binding on other members of class). Plaintiff's self-serving allegation, therefore, need not be accepted as dispositive of the amount in controversy.

19. None of the exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(3) or (d)(4) apply.

**REMOVAL BASED ON EDGE ACT**

20. Removal of this action is also proper pursuant to the Edge Act, which establishes original jurisdiction in the United States District Courts for civil litigation involving international or foreign banking activities or financial operations. The Edge Act provides, in relevant part:

> [A]ll suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. Thus, the Edge Act jurisdiction is satisfied "when '(1) the case is civil in nature, (2) one of the parties is a corporation organized under the laws of the United States (i.e., a national bank), and (3) the suit arises out of transactions involving international banking or international financial operations (including territorial banking).'" *Dexia SA/NV v. Bear, Stearns & Co.*, 924 F. Supp. 2d 555, 557 (S.D.N.Y. 2013) (citation omitted). All three requirements are satisfied here.

21. *Civil Action*. This action is a "suit[] of a civil nature at common law or in equity" as required by the Edge Act. 12 U.S.C. § 632.

22. ***Corporation Organized Under United States Law***. One of the undersigned defendants, JPMorgan Chase Bank, N.A., is a "corporation organized under the laws of the United States" for purposes of the Edge Act. *Id.*

7

23. ***International Banking or Transactions***. The relevant statutory language confers jurisdiction and permits removal if an action arises out of (a) "transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States," or (b) "other international or foreign financial operations." *Id.* The issuance of credit cards involves traditional banking activities as contemplated by the Edge Act. *See, e.g.*, *Pinto v. Bank One Corp.*, No. 02 Civ.8477-NRB, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) ("[I]t is clear that the basic components of administering credit cards . . . represent what banks do, and have been doing for centuries."); *Clarken v. Citicorp Diners Club, Inc.*, No. 01 C 5123, 2001 WL 1263366, at *1 (N.D. Ill. Oct. 22, 2001) ("The issuance of a credit card involves a traditional banking function.").

24. Additionally, "the Edge Act does not require the foreign transaction to be central to the claim"; in other words, the Edge Act "does not require that the suit arise out of the foreign transaction but out of transactions involving foreign banking." *Luby's Fuddruckers Rests., LLC v. Visa Inc.*, 342 F. Supp. 3d 306, 318 (E.D.N.Y. 2018); *see also Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (explaining that Edge Act jurisdiction is met "if <u>any part of</u> [the action] arises out of transactions involving international or foreign banking" (emphasis in original) (citations omitted)). Thus, federal courts "routinely" exercise jurisdiction pursuant to the Edge Act "in cases based on state law causes of action and containing only an incidental connection to banking law,'" even if "the international or foreign banking activity was not central to the case." *Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730, 734, 736 (N.D. Tex. 2008) (quoting *In re Lloyd's Am. Tr. Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases)); *id.* at 734 ("Section 632 does not require that the claims themselves have a foreign character; it only requires that the lawsuit 'arise out of' transactions with a foreign aspect."); *Pinto*, 2003 WL 21297300, at *3 (five credit card transactions involving

foreign banks were sufficient to confer jurisdiction under the Edge Act even though they "represent[ed] a small portion of the total" transactions).

25. Moreover, not only do the activities at issue in this Act involve traditional banking activities, they also are international and foreign in nature for purposes of Edge Act jurisdiction. Plaintiff's putative class consists of individuals who were issued a Chase-United credit card who (1) made an in-flight purchase with that card "within the past six years," the charge for which was required to be automatically credited but was not; and (2) live in New Jersey or made the qualifying purchase on a flight with an arrival to or departure from a New Jersey airport. (Ex. 1, Compl. ¶ 21.) These class members implicate international and/or foreign banking in several ways, including, but not limited to, the following:

(a) The Chase-United credit card at issue has been issued to card holders in insular possessions of the United States—including Puerto Rico, a destination with daily nonstop United flights to and from the Newark Liberty International Airport in New Jersey—and the issuing and administration of such cards involve "banking in a dependency or insular possession of the United States" for the purposes of the Edge Act. 12 U.S.C. § 632. Any such cardholder who has taken a flight to or from New Jersey in the last six years and has made an in-flight purchase would be a member of the putative class.

(b) Any New Jersey resident who has a Chase-United credit card and has, within the past six years, used that card to make an in-flight purchase on any United flight is part of the putative class. Any such purchase made on an international United flight would be a relevant purchase for Edge Act purposes if that credit card transaction was processed by a foreign acquiring bank. United has operations throughout the world, including Central America, the Caribbean, South America, Europe, and Asia.

9

(c) Any Chase-United cardholder who has, within the past six years, made an in-flight purchase with that card on a United flight that has either departed from, or arrived in, New Jersey is part of the putative class. Such a purchase would be relevant for Edge Act purposes if a foreign acquiring bank processed the transaction.

26. This action arises out of both (a) transactions involving international or foreign banking and/or banking in a dependency or insular possession of the United States, and (b) other international or foreign financial operations.

27. This action therefore satisfies each jurisdictional requirement of the Edge Act.

## OTHER PROCEDURAL REQUIREMENTS

28. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Chase will file with this Court a Certificate of Service of notice to all parties of removal to federal court.

29. Upon the filing of this Notice of Removal, Chase will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, New Jersey, in accordance with 28 U.S.C. § 1446(d).

30. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

31. By filing this Notice of Removal, Chase does not waive any defenses or rights that may be available to any of them (including, without limitation, the right to challenge venue, forum, or jurisdiction based on any applicable arbitration, forum selection, or mandatory venue clause, the right to arbitrate and/or stay the litigation pending arbitration, and defenses based on lack of

personal jurisdiction) and do not concede that the allegations in the Complaint state a valid claim under any applicable law.

32. Consent to removal by all defendants is not required under the Edge Act. *See* 12 U.S.C. § 632 (providing that "any defendant" may remove the suit). Consent to removal by all defendants is not required under CAFA. *See* 28 U.S.C. § 1453(b).

33. Chase has attached to this Notice of Removal only those documents permitted by the New Jersey District Court Civil Local Rule 5.1(e), and reserves the right to submit at an appropriate time factual support, evidence, and affidavits to support the basis for federal jurisdiction, should that become necessary.

WHEREFORE, Chase hereby removes this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, and the action is now properly before this District Court and all further proceedings shall take place before this Court.

Dated:   February 18, 2022

Respectfully submitted,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)

By: s/ James W. Brown
    James W. Brown
    Tansy Woan
    James.Brown@skadden.com
    Tansy.Woan@skadden.com


Of Counsel:

Boris Bershteyn
Boris.Bershteyn@skadden.com
Kamali P. Willett
Kamali.Willett@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York  10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants JPMorgan Chase*
  *Bank, N.A. and JPMorgan Chase & Co.*